SOUTHERN PACIFIC RAILROAD COMPANY v. WM. H. DIAL.

Where the plaintiff assigned as the breach of an agreement sued on that the
defendant failed and refused to inform the plaintiff of the sickness of the
negro who was hired by the defendant from him, and failed to send the
negro to the plaintiff when he was sick ; and that the defendant neglected
and ill-treated the negro during his sickness, by reason whereof he died ;
to which the defendant pleaded a general denial : *Held* to be error for the
court to submit to the jury, for their determination upon the above issues,
whether or not the defendant failed to inform the plaintiff of the sickness
of the negro within a reasonable time ; or failed to send him to the plain-
tiff within a reasonable time after he was taken sick. The proper ques-
tions were, whether or not the evidence established the truth of the facts
alleged in both or either of the breaches set forth in the petition.

APPEAL from Harrison. Tried below before the Hon. C. A.
Frazer.

W. H. Dial brought suit against the Southern Pacific Railroad
Company for the value of a negro man named Abraham, for
which he claimed that the defendant was liable upon a contract of
hiring entered into between them on the 1st day of January, 1857,
whereby the company hired the slave at twenty-five dollars per
month, and agreed, in case of sickness, to inform the hirer, or
send the negro to him. The plaintiff bound himself to clothe the
negro, and " to do all the doctoring" of the negro. The negro

was to be returned when called for, in case he did not run away or die.

The petition alleged the delivery to the defendant of said negro, about the date of the agreement, and laid his damages, by the death of said slave, at sixteen hundred dollars.

It appeared from the facts proved on the trial, that the negro worked on Friday; complained of being sick on Saturday; that the company's agent in charge of its hands did not think that there was much the matter with him, supposing him to be suffering from cold.

Said agent testified that he would have notified the plaintiff of the negro's condition if he had thought there was "much the matter;" that he saw him about 10 o'clock on Saturday night, saw no difference in his condition; that he returned next morning, found him much worse, and immediately sent a note to inform the plaintiff of the negro's sickness, and that about nine or ten o'clock of the same morning, the plaintiff took the negro home. The negro was dead on the Tuesday succeeding. A physician, whom the defendant had sent to see another sick negro, where plaintiff's negro was, on Saturday morning saw the negro in question; did not examine him particularly; he testified that "he did not think there was much the matter with him." Verdict for plaintiff for one thousand dollars; judgment accordingly.

Defendant filed a motion for a new trial upon the grounds that the verdict was against the law and the evidence, and because the charge of the court to the jury was erroneous, contrary to law, and calculated to mislead the jury; which was overruled.

The appellant assigned as error the charge of the court, and overruling the motion for new trial.

The court charged the jury that if they believed, from the testimony, a special contract existed between plaintiff and defendant, whereby, in the event of the negro's sickness, the latter should inform the plaintiff within a reasonable time of such sickness, or send the negro to the plaintiff within a reasonable time; and that, in case of such sickness, the plaintiff was to have attended upon the negro as a physician; and that whilst said negro was in the service of the defendant, he was taken sick, and the defendant did

not, within a reasonable time, inform the plaintiff of said sickness, or did not, within a reasonable time, send the negro to the plaintiff, and that of the sickness the negro died, the plaintiff is entitled to recover of defendant the value of the negro, unless they believed he would have died of the sickness in any event had the plaintiff been informed of it even within a reasonable time, or if, within a reasonable time, said negro had been sent to the plaintiff; and, if so, that they could not find for the plaintiff. The question of reasonable time, as presented in the above charge, the court instructed them was a question of fact for their decision under all the facts and circumstances of the case, taking into consideration the distance of the place at which the negro was hired to work from the residence of the plaintiff. The testimony showed that the distance referred to was about one mile and a half.

The petition declared on the contract as above stated in the proof made on the trial, alleging the breaches thereof as stated in the opinion of the court; and proceeded further to allege (in the form of another count, as at common law,) that about the 12th day of February, 1857, the plaintiff hired a certain other negro named Abraham to the defendant at the price aforesaid, and then delivered him to defendant; and that defendant undertook and promised in the event the negro should be sick, to inform the plaintiff, within a reasonable time, of the fact, or to send him to the plaintiff; and in case of sickness aforesaid, the plaintiff should have the privilege of attending to him as a physician.

He alleged that about the 12th day of March, 1857, the negro was taken dangerously sick, and that the defendant failed to inform plaintiff thereof, and alike failed to send the negro to him, or to give him the privilege of attending upon him during the sickness aforesaid, and that he died about the 30th day of March, 1857. Wherefore, as alleged, he was damaged, &c., and that defendant failed to bestow the necessary attention on said negro whilst sick; that defendant neglected and ill-treated said negro, and that in consequence of failing to bestow on him necessary medical attention, and by reason of said neglect and ill treatment, the negro died.

*N. H. Wilson,* for the appellant.—The court clearly erred by applying a rule of law to this case that is altogether inapplicable. It is well settled that if A. hires a horse to ride to X., and he goes beyond to Y., or drives him in a wagon, he converts the horse to his own use, and the bailor may so treat it. (Story on Bail., 413.) But this rule is founded upon the doctrine of conversion. There must be some tort committed by the bailee—some act done which converts the property and makes it his own ; and the bailor must so elect to consider it in order to recover from the bailee for its loss, irrespective of diligence. If the bailor receives pay from A. for riding his horse to Y., knowing the fact, the contract should be considered as if it had been originally made to ride to Y. (12 Pickering's Reports, 136.) The question seems to be, in the absence of any consent by the bailor, whether the bailee did an act which he was wholly unauthorized to do, or whether he did an act which he was authorized to do, but not in an unreasonable and injurious manner. (See McNeill v. Brooks, 1 Yerg., 73.) In Schenks v. Strong, (1 South., 89,) the plaintiff hired a horse under an express contract to go a certain journey, and that he would use it with moderation and care. The plaintiff went a different journey, and the horse, (not a horse, but a riding chair,) was injured. The court held that it was but an ordinary contract, and could not be converted into a tort.

Now, in this case, there was a written contract, in which the parties were under mutual obligations; and if the plaintiff failed to comply with any of the promises made by the company, it is liable for damages, as upon any other contract. The company committed no tort—did no act to convert the property. The most that can be said is, that the contract was not complied with in this : that the notice was not given within a reasonable time, which may have been no damage, and most probably was not, to the appellee.

In this view of the case it was incumbent on the appellee to prove that the negro died in consequence of his not receiving the notice within a reasonable time ; or, in other words, that he was

Southern Pacific R. R. Co. v. Dial.

damaged to the value of the negro by the appellant's breach of contract in failing to give such notice.

The appellee took the negro home. What exposure he was subjected to, and what treatment he received, we know nothing of. Did he not by so doing relieve the appellant from all responsibility? He should at least have been held to prove that the negro was well taken care of, and received the necessary medical attention.

But was the notice not given within a reasonable time? The appellant was only bound to give notice within the time in which a man of ordinary prudence and discretion would have sent for a physician to see his own negro. And this, it seems to me, was on Sunday morning when the appellant promptly gave the notice. As to when diligence requires a bailee to send for a physician, see Alabama and Tennessee River Railroad Company v. Burke, 27 Ala. R., 535.

*W. B. Ochiltree*, for the appellee.

ROBERTS, J.—The only breach of the agreement of hire alleged in the petition is, " that said defendant failed and refused to inform your petitioner of said negro's sickness, and failed and refused to send the negro, so sick, to your petitioner." Another breach is assigned, which is of the implied duty of defendant as bailee of the slave on hire, " that said defendant neglected and ill-treated said negro during his sickness, and that said negro died on or about the 30th day of March, A. D. 1857, by reason of such neglect." The defendant filed a general denial, which put in issue these facts, and imposed upon the plaintiff the burthen of establishing them as the breaches upon which he must recover. The pleadings do not require the defendant to meet any others, as the breaches either of his contract or of his duty as bailee. The evidence tended to show that the defendant did cause the plaintiff to be informed of the sickness of his negro. It is not pretended that defendant sent the negro to the plaintiff upon his becoming sick. There was no evidence which could well be deemed satisfactory that the defendant did neglect and ill-treat the negro while under the control of defendant, which caused the death of

the negro. Whether or not the evidence established the truth of the facts alleged in both or either of these two breaches as set up in the petition, were the proper questions to have been submitted to the jury under the issues made by the parties. The charge of the court presents a somewhat different issue for the jury to determine; which was, whether or not defendant failed to inform the plaintiff of the sickness of his negro in a reasonable time, or failed to send him to the plaintiff in a reasonable time. The plaintiff by his breach does not present any issue upon the question of reasonable time, as he might have done under the contract. The defendant, under the contract, had the option to send the negro to the plaintiff, or to inform plaintiff of his sickness. The plaintiff set up the contract as broken, because the defendant had done neither the one or the other. He, the defendant, went to trial prepared to prove, or with evidence strongly tending to prove, that he had done one of the things, thereby disproving the plaintiff's allegation as made.

But the charge requires something more, and puts the defendant in the same position as if plaintiff had alleged "that the defendant did not inform him of the sickness of the negro, or send him to plaintiff; or if he did inform plaintiff, it was after a reasonable time to have done so had elapsed."

Had the plaintiff chosen to have presented the issue in this manner, it would have put the defendant upon notice to be prepared to show, not only that he had given information of the sickness, but also to show the incidental facts which are involved in the question of reasonable time; that is, the character and violence of the disease, the manifestation of its symptoms, its progress and the attention given to ascertain what was the matter, and the like, together with the relative locality of the parties, &c.

Upon the breach of neglect and ill-treatment, the evidence is too slight to require any remark.

The judgment is reversed and the cause remanded.

Reversed and remanded.